UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CSC HOLDINGS, INC.,

                Plaintiff,

    -against-

HADNAN AMDAN,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

04 Civ. 9817 (GAY)

Plaintiff CSC Holdings, Inc., known by its subsidiary, Cablevision, brought this action pursuant to 47 U.S.C. § 553 (a)(1) and 47 U.S.C. § 605(a), alleging that defendant Hadnan Amdan purchased one "pirate" converter-decoder device and intercepted Cablevision's premium and pay-per-view programming without Cablevision's authorization. On May 4, 2005, Judge Colleen McMahon entered a default judgment against defendant Hadnan Amdan and referred this matter to the undersigned to report and recommend the amount of damages to be awarded plaintiff, plus reasonable attorneys' fees. On or about June 27, 2005, plaintiff consented to have the undersigned conduct any and all proceedings in this case, pursuant to 28 U.S.C. §636(c). Plaintiff, in response to my direction, filed a timely written inquest submission; defendant Amdan failed to respond. For the reasons that follow, I conclude that plaintiff is entitled to statutory damages against defendant Hadnan Amdan in the amount of $1,000.00, plus attorneys' fees and costs in the amount of $1,758.95.

## I. BACKGROUND

The facts pertinent to determination of this motion are set forth in the Complaint, in the Clerk's Certificate of Default and in the affidavits, affirmations and exhibits submitted by plaintiff.

Cablevision provides cable television to communities in Westchester County. Cablevision subscribers pay a monthly fee for the specific level and amount of programming services they have selected to receive, ranging from basic service to premium channels (such as HBO) and pay-per-view events. In order to protect its cable programming from theft and unauthorized reception, Cablevision encrypts or "scrambles" the signals to all programming which a subscriber has not purchased. A "scrambled" program is distorted and unviewable.

Defendant is a residential cable television subscriber who purchased equipment used to "pirate" cable television signals. These devices are designed solely to unscramble encrypted cable television signals–including those broadcast by Cablevision–and are not detectable by the cable provider. Typically, the user of such a device will purchase a low level of cable service and then employ the device to view premium channels, pay-per-view programs or other programming for which the fee has not been paid.

From August 17, 2000 until August 6, 2004, defendant Amdan subscribed to Cablevision's Basic level of service at a cost of approximately $15.00 per month. On August 6, 2004, Amdan upgraded his subscription to Cablevision's I.O. Family level of service (which included Optimum Online and Optimum Voice) at an approximate monthly cost of $35.00 (exclusive of the Optimum services). Amdan maintained that

subscription level and continues to receive Cablevision's programming services.

On or about December 23, 2002, Amdan purchased one "pirate" decoder device from Explorer Electronics, located in Indiana. Cablevision learned of the transaction during the course of its lawsuit against Explorer Electronics, upon inspection of Explorer's business records which were seized by the United States Marshal Service pursuant to Court order. See CSC Holdings, Inc. v. Explorer Electronics, No. 2:03 CV 58 (N. D. Ind. Feb. 24, 2003). Cablevision commenced the instant action on December 15, 2004.

## II. DAMAGES

Defendant Hadnan Amdan has failed to appear or defend in this action and has been adjudged in default. Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995). However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing. See Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir.), cert. denied, 503 U.S. 1006 (1992) (internal citation omitted); Fed. R. Civ. P. 55(b)(2). Moreover, the moving party is entitled to all reasonable inferences from the

evidence it offers.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (internal citation omitted).

"When a court concludes that a defendant's conduct violated both sections 605 and 553 of Title 47 of the United States Code, a plaintiff may recover damages under only one of those sections."  Time Warner Cable of New York City v. Barnes, 13 F. Supp.2d 543, 548 (S.D.N.Y. 1998).  Further, an aggrieved cable provider may elect to recover damages under section 605, which contains a more severe statutory damage provision than does section 553.  See International Cablevision, Inc. v. Sykes, 75 F.3d 123, 127 (2d Cir. 1996).  Here, Cablevision has elected to recover statutory damages under 47 U.S.C. §605(e)(3)(C) for the violations of sections 605(a) and 553(a)(1) committed by defendant Amdan.  For each violation of 47 U.S.C. §605(a), a court may award the aggrieved party a statutory damage award of "not less than $1,000 or more than $10,000, as the court considers just."  47 U.S.C. §605(e)(3)(C)(i)(II).

Cablevision seeks statutory damages of $1,000.00 based upon defendant's purchase of one illegal device.  The amount of damages requested by Cablevision is the minimum statutory amount and is reasonable under the circumstances of this case.  Accordingly, plaintiff is awarded damages in the amount of $1,000.00.

### III. ATTORNEYS' FEES

Finally, 47 U.S.C. §605(e)(3)(B)(iii) authorizes a court to award to a "prevailing aggrieved party" the costs and reasonable attorneys' fees which it incurred in prosecuting its claims to judgment.  In support of its application for attorneys' fees in the amount of $1,758.95, plaintiff has submitted an affidavit as well as detailed,

contemporaneous time records. I have reviewed these submissions and conclude that the time spent and the hourly rates for the services performed are reasonable.

## IV. CONCLUSION

For the foregoing reasons, the **Clerk of the Court shall enter an Amended Judgment awarding plaintiff damages against defendant Hadnan Amdan in the amount of $1,000.00, plus attorneys' fees and costs in the amount of $1,758.95.**

Dated: July 22, 2005
White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.

Copies of this Report and Recommendation have been sent to the following:

Melinda Dus, Esq.

Hadnan Amdan
18 Coyle Place, Apt. 1B
Yonkers, NY 10710